**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0661-WJM-MEH

FRANKLIN D. AZAR & ASSOCIATES, P.C.,

    Plaintiff,

v.

FARMERS INSURANCE EXCHANGE, an Insurance Exchange, and
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

    Defendant

---

**ORDER *SUA SPONTE* REMANDING ACTION FOR LACK OF DIVERSITY**

---

This matter is before the Court on Defendant Travelers Casualty and Surety Company of America's Notice of Removal ("Notice").[1] (ECF No. 1.)  Because, as set forth below, the Court finds that there is not complete diversity, the Court remands this action to the Denver County District Court.

Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case or claim comes to an immediate end. *In re Franklin Savings Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004).  "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). When a case is originally filed in state court, there is a "strong presumption" against

---

[1] The Court notes that Plaintiff has filed a Motion to Remand to State Court. (ECF No. 10.) However, because the Court remands this action *sua sponte*, such Motion is moot and will be denied on that basis.

removal and all ambiguities must be resolved against removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Defendant's Notice states that this Court has jurisdiction over the above-captioned action based on diversity of the parties pursuant to 28 U.S.C. § 1332. (ECF No. 1 ¶ 5.) Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Plaintiff is a Colorado corporation with its principal place of business in Colorado. (Compl. (ECF No. 3) ¶ 1.) Traveler Casualty and Surety Company of America ("Traveler's") is a Connecticut corporation with its principal place of business in Connecticut. (Notice ¶ 8.) Farmers Insurance Exchange ("Farmers") is an inter-insurance exchange organized under the laws of California with members in Colorado. (*Id.* ¶ 9; Compl. ¶ 2.) As Plaintiff is a citizen of Colorado and Traveler's is a citizen of Connecticut, there is diversity between these parties. However, for jurisdiction to exist under § 1332, there must be complete diversity between Plaintiff and both Defendants.

As an inter-insurance exchange, Farmers is a citizen of every state in which its members are citizens. *See Arbuthnot v. State Auto. Ins. Ass'n*, 264 F.2d 260, 261-62 (10th Cir. 1959). Because Farmers has members in Colorado, Farmers is considered a citizen of Colorado for diversity jurisdiction purposes. *Tuck v. United Serv. Auto Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) ("[F]or purposes of diversity jurisdiction, the citizenship of an unincorporated association is the citizenship of the individual members of the association."). Therefore, as pled in Plaintiff's Complaint, there is not complete

diversity between the parties.

In an attempt to side-step this jurisdictional hurdle, Travelers contends that Farmers was fraudulently joined in this action for the sole purpose of defeating diversity jurisdiction. (Notice ¶ 9.) Fraudulent joinder is a narrow exception to the requirement of complete diversity between the parties. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). The party asserting fraudulent joinder faces a "heavy burden" and must "demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indemnity*, 2000 WL 525592, *1 (10th Cir. April 14, 2000). Travelers does not contend that Plaintiff cannot state a claim against Farmers in state court. Therefore, the doctrine of fraudulent joinder does not apply here.

Instead, Travelers argues that Plaintiff impermissibly filed this action against both Farmers and Travelers together when Plaintiff's claims against these parties should have been filed in separate actions. (Notice ¶¶ 16-18.) Rather than being fraudulent joinder, this is a removal theory commonly referred to as "fraudulent misjoinder". "Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *See Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (citing E. Farish Percy, Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine, 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006)). Only one circuit has adopted fraudulent misjoinder[2], *see Tapscott v.*

---

[2] *Tapscott* was later abrogated on different grounds. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

*MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), and it has been rejected by many other courts. *See, e.g., Rutherford v. Merck & Co., Inc.*, 428 F. Supp. 2d 842, 851-52 (S. D. Ill. 2006). In the only case where it was squarely presented to the Tenth Circuit, the court declined to address the issue. *See Lafalier*, 391 F. App'x at 739. Thus, there is no binding precedent in this circuit requiring that the Court adopt a fraudulent misjoinder theory here and the Court declines to do so.

Moreover, even if the Court were to consider the doctrine of fraudulent misjoinder, it would not change the result. Fraudulent misjoinder applies only where a plaintiff attempts to join two entirely distinct claims in the same action for the purpose of defeating diversity jurisdiction. *See Tapscott*, 77 F.3d at 1360. In this case, both Travelers and Farmers issued separate Employment Practices Liability insurance policies to Plaintiff which included a duty to defend any action that fell within the coverage of the policy. (Compl. ¶¶ 10, 20.) Plaintiff tendered its defense to each Defendant under such policies for an employment dispute with a former employee. (*Id*. ¶¶ 8, 12, 22.) The above-captioned action arises out of both Defendants' failure to provide the requested defense. (*Id*. ¶¶ 37-38.)

Although each Defendant insured Plaintiff under separate policies with separate coverage provisions, the facts giving rise to Plaintiff's claim against the Defendants—that is, the claims made against Plaintiff by its former employee—are the same. Thus, the Court has little difficulty finding that Plaintiff's claims against Travelers and Farmers arise from the same transaction or occurrence for joinder purposes. *See* Fed. R. Civ. P. 20 (joinder is appropriate where claims arise from same transaction,

occurrence, or series of transactions or occurrences).  Given the common nucleus of fact involved in Plaintiff's claims against both Farmers and Travelers, the Court cannot say that Farmers was misjoined in this action, much less fraudulently joined for the sole purpose of defeating diversity.  Therefore, even assuming the Tenth Circuit would recognize a theory of fraudulent misjoinder as a basis for removing a case involving otherwise non-diverse parties, the Court finds that the doctrine does not apply here.

Because Travelers has not shown that Farmers was fraudulently joined (or fraudulently misjoined) as a Defendant in this action, there is not complete diversity between the parties.  As such, this Court did not have original jurisdiction over this matter at the time it was filed, *see* 28 U.S.C. § 1332(a), and removal to this Court was not proper.  *See id*. § 1441(a) (removal is proper where federal court had original jurisdiction over a case).  Accordingly, remand of this case is appropriate.  *See Hale v. MasterSoft Intern. Pty. Ltd.*, 93 F. Supp. 2d 1108, 1114 (D. Colo. 2000).

For the reasons set forth above, the Court REMANDS this action to Denver District Court.  Plaintiff's Motion to Remand (ECF No. 10) and Motion to Stay (ECF No. 11) are both DENIED as MOOT.  The Clerk shall transmit the record.

Dated this 1st of April, 2013.

BY THE COURT:

William J. Martinez
United States District Judge